Good morning, Your Honors. The indictment in this case — sorry, the jury instructions in this case constructively amended the indictment. The indictment was very specific, touching the groin over the clothing. The jury instructions were much broader. They said that sexual contact is touching the groin, but then they defined the groin as including genitalia. Now, the jury instruction in this case lists six different ways of prohibited areas or locations. Groin, genitalia, anus, buttocks, breast, inner thigh. By choosing in the indictment to charge just groin, a choice the government made, it should be held to that choice. The reason why they wanted to get genitalia in there is because it sounds worse, and you can see that based on what they did at trial. The number of times they used terms like penis, penis area, genitalia. This is a constructive amendment of the indictment. When the indictment charged — Counsel, do you think that the government could have charged in this case two counts, one for groin and one for genitalia? Probably not, Your Honor, but this is not a duplicity analysis, right? I would say that those six areas are means, but when the government specifies the means by which they want to prove in the indictment, they need to be held to that for notice purposes under the Sixth Amendment and also under the Fifth Amendment that you're charged based on what you do to the grand jury. The government has immense power. They could have listed all the methods in the statute if they wanted to, and in fact, often charging complaints do that. They made their choice. How would the jury then have been instructed? If you're saying that the indictment listed all of the body locations from the statute, then what would the jury be tasked with doing would they all have to agree unanimously groin or unanimously genitalia or whatever the other body location is? They only have to unanimously agree if each of those separate terms are alternative elements. If they're means, there do not need to be unanimous agreement. So that would require an elements versus means analysis, which is a complicated inquiry which wasn't conducted in this briefing, and I haven't done the research necessary to answer that question confidently. I think there's a decent argument that these are means as opposed to alternative elements, but the Constructive Amendment doesn't turn on whether they're means or elements. That's not the basis on which Constructive Amendment case law turns. It says that if you charge particulars, the jury instructions must comport with those particulars. If you look at Bailey, they talked about use or carry as describing an element of a particular offense. So I think that this is a separate inquiry from the means versus elements that you might get in cases like Mathis and predicate cases like that. There's a canon of construction that you don't construe terms to render other terms insignificant or superfluous, and the government's proposed definition of groin, which was adopted by every genitalia case, would be a groin case. There is no, there's no work that groin does anymore in that statute. Now, the government makes a lot of hay about, hey, you can have overlapping, terms can overlap. I agree, terms can overlap. Let's look at Bailey. There's overlap between use or carry, right? Every use case necessarily is also a carry case. But the Supreme Court was very careful to define use as active employment to prohibit use as encompassing cases that carry would reach, like stowing your firearm in the trunk, which is what one of the defendants in Bailey did, or stowing your firearm in a locked chest, which is what one of the other defendants in Bailey did. So you can have overlap, but you still should choose definitions that provide a significant function for each term. And the definition chosen here did not do that. Look at the Vineyard case that the government talks about. There the definition did not say genitalia. It said together, it said adjacent region, but it didn't say genitalia. If they had used that definition, that would have been fine. They didn't want to use that definition because they wanted to get genitalia in the jury instructions because it sounds worse. And that's why they proposed the instruction that they did. Now they should be held to their choice that they made in the indictment. They have immense power. Nobody has power like the U.S. government. If they're going to make choices about how to charge, they should be held to them. And the constructive amendment body of case law is designed to preserve defendants' rights in that effect. Also, I just want to highlight that in Bailey, the Supreme Court said, because the government also says, look, the canon of construction of preserving meaning for separate terms and making sure they're not superfluous or rendered insignificant is not an absolute canon. Okay, fine. It's not an absolute canon. But look at what the Supreme Court said in Bailey. They said that a resistance to arriving at definitions that renders one term insignificant or have very little function should be heightened when those words describe an element of a criminal offense. That's exactly what we have here. So for all the — so for all these reasons, we would urge the Court to conclude that there has been a constructive amendment of the indictment. I'll reserve the remaining time for rebuttal unless there are further questions. It's fine. Thank you. May it please the Court, Counsel. David Genrick on behalf of the government. Good morning, Your Honors. The District Court committed no error here in assigning the term groin its plain and ordinary meaning in the context of the sexual contact statute. I'll begin by responding to some of the arguments made by the defense, unless the Court has an initial question. With respect to the arguments made by the defense, the government has no problem being held to the manner in which it indicted this case, namely indicating in the indictment that Mr. Chopra touched the victim's groin over clothing. That formulation, however, begs the question. The question here is whether the District Court appropriately defined the term groin by giving it its ordinary and common meaning. And it clearly did. First, it is the primary doctrine of statutory construction that we assign a term its plain and ordinary meaning when it's not otherwise defined by Congress. There's no dispute here that the manner in which the District Court defined the term groin was consistent with its plain and ordinary meaning. We're including a word that is otherwise listed by Congress. So Congress, if you look at the statute, believed that there was a difference between groin and genitalia. So does that override this application of a dictionary definition? So, Your Honor, I would respectfully disagree with the notion that we can infer from the statute that Congress thinks groin should be compared to the inclusion of the term genitalia. Aren't there other dictionary definitions, though, that exclude genitalia? It's not that that's the only dictionary definition for groin. Is that correct? Well, I think there are other definitions cited in the footnote of the District Court's order that don't specifically say genitalia, although they include adjacent regions to genitalia, and the inclusion of the inner thigh is air. They're just focused on genitalia, even though inner thigh is also one of the six terms. But the District Court did not err, and the defense doesn't claim it did, in selecting the definition from the American Heritage Dictionary consistent with Vineyard, which says that the areas adjacent include, quote, the primary genital area, which is what is at issue here. There's no dispute that the District Court selected an appropriately common and ordinary meaning for the term. There's also no dispute that the indictment reflected the common and ordinary meaning of the term and that the grand jury wasn't given a specialized meaning. So with respect to this Court's constructive amendment doctrine, it's clear that there is no daylight between the manner in which the District Court defined groin, giving it its ordinary common meaning, and the manner in which this case was indicted, using groin in its common and ordinary sense. So, Your Honor, again, to your question, Your Honor, about Congress's intent, I think the way in which the term, the terms are defined here reflects realities of human anatomy, and these are overlapping regions, inner thigh, groin, and then the specific terms. These are consistent with the ways in which we describe human anatomy, and those boundaries are not always precise, but in drafting a statute that's meant to protect victims from abuse of sexual contact, it's expected that Congress will want to make sure that there's comprehensive coverage for the region that they're concerned about. That extends from the inner thigh, which neither party disputes, is commonly included in the groin, and it extends to genitalia, both external and internal. If the defendant says genitalia does no work, if groin includes external genitalia, it's certainly possible that you can have digital penetration where the issue would be about the extent of contact with external genitalia. But regardless, as the defendant concedes, the surpluses doctrine is neither the primary doctrine, nor does it control when the plain meaning can be given to a term. Could you have indicted this differently? Could you have said groin and genitalia, and if so, how would the jury be instructed then? Your Honor, clearly in the government's view it could have indicted differently. It could have included both genitalia and groin, which would become disjunctive at trial because the statute is disjunctive, and the jury would have been instructed, and I share the defense intimation, that these are means and not elements. In other words, you would not have required unanimity as to any one of the particular six terms, or two in this case, but a jury just had to be unanimous that at least one of the statutory terms had been abused by the defendant. And is this sort of your view that that means is different than, is it the sexual abuse statute where the different definitions of a sex act are delineated in A, B, C, and D? Is that the difference between, because I think we've held that those are elements, correct? That those can be charged separately as separate elements. Is it because these other ones are just listed in a, included in a list under the definition? Your Honor, without being fully conversant with that precedent, so not suggesting there aren't other reasons, I think the statutory structure that Your Honor describes would plainly counsel in favor of a finding of elements versus means. And I know, for example, in the Minnesota burglary statute, this Court has held that under first degree burglary, the fact that there are subdivisions demonstrates that they're different than means. And again, particularly when writing context, it makes sense that when you're attempting to protect a geographical, an anatomical region, that you would want comprehensive coverage and that any sexual contact within that anatomical region would satisfy the statute. Your Honors, in addition to statutory context, overlap in criminal statutes, particularly with respect to factual means versus the elements discussion in Bailey, is not uncommon. There is no actual surplusage here for the reasons outlined in the government's brief. Genitalia does not always include, I'm sorry, groin does not always include genitalia, and genitalia can include internal and external. And the definition here only referred to external. There may be cases where the facts make one or the other more appropriate. And Bailey, this Court's approach complies with Bailey, and to the extent it gives these terms the plain and ordinary meaning, and that's not inconsistent with statutory context, which Bailey also looks to. Would you agree that by adding the word genitalia to the definition of groin, it did make the case sound, or arguably could make the case sound much more serious and significant to the jury? Candidly, Your Honor, I think if the Court, and I'm sure it has reviews or pictures in this case in the evidentiary transcript, that there really wasn't any undue emphasis placed on groin, placed on genitalia versus groin because of the nature of the offense conduct here. There was a systematic, progressive, and largely simultaneous course of conduct here that led to sexual abuse, the government's adjustments brief, the government's use of the term genitalia and penis in context. It was almost always paired with groin because of the progressive nature of the defendant's conduct and the overlapping nature of the placement of his arm and hand in the victim's lap. So while I think there could certainly be cases, Your Honor, where there are appropriate allegations of government undue emphasis to inflame the jury, I really, candidly don't think this case approaches that line, not given the offense conduct here, the photographs that documented it, and the nature of the government's argument. Yeah, I was just going to get to the defense. So the defense is saying this was an accident, right? So if you're a jury listening to that, what about the idea that the jury could say, well, I could see an accidental touching of something kind of generally called the groin, but boy, don't try to tell me that that's an accidental touching of genitalia, that maybe that undercut his defense of accident. Your Honor, I don't think in this case the transcript reflects undercutting the defense. The defense was I was asleep and none of this conduct was intentional, that I was knocked out and my hand and arm wandered into the victim's lap. There may be cases in different records where this distinction between the crease between the thigh and the trunk and the groin might be evident and relevant, but it's clearly not here. And in fact, the government plainly argued that the defendant contacted the groin, sometimes without referring to genitalia, and that the intent of the contact both with the groin and with the genitalia was unitary. The defense, the defense in, by the same token, was also unitary, that it was accidental. Your Honors, I see my time is running out. If I might make one more point. Your Honors, with respect to the standard of review here, I'd just like to note that because there's no constructive amendment, that is, the indictment matched the jury instructions, that really defendant's claim is largely one of instructional error, which would normally be reviewed for abuse of discretion or de novo in a statutory construction claim, plus harmless error. And that may be appropriate here, but if not, harmless error should be applied to the constructive amendment claim. Although, again, the government doesn't believe this is a close question with respect to amendment. Thank you. Thank you. I think the government's argument that there was really no impact in making the case seem worse by using genitalia just flies in the face of common sense. Genitalia is obviously worse than groin. And in my estimation, that's why the government tried mightily to include it. When they had the grand jury, when it was a one-sided presentation of the case, when there was no defense counsel, they were fine with groin. Fast forward to trial, now all of a sudden they're getting pushback, the person's represented, and they want to get genitalia in there, and that's why they did this. And it absolutely does undercut the accidental defense. It is reasonable to presume that you are more likely to accidentally touch someone's groin than you are likely to accidentally touch their groin and their genitalia. Now, you might say it's not super likely to accidentally touch either, but it's certainly the case that it is even less likely to do both. So it does undercut the defense. Now, the government says this overlap is consistent with human anatomy. Again, you can have overlap between terms and still have definitions that preserve an effective role for each term. And here, under the definition proposed by the government and adopted by the district court, every genitalia case is a groin case. The government's arguments about, oh, it could involve the extent of penetration, the extent of penetration is not an element of the statute. If you touch someone's genitalia, you have violated the statute. It doesn't matter to what extent you penetrated the genitalia. It doesn't matter how seriously you grabbed their groin. So that is just a nonstarter with respect to the statutory structure. So we know from Bailey that you can have overlap, yet you should still try to arrive at a definition that don't render terms insignificant or superfluous. This term should have just been left undefined. The government says this is the plain and ordinary meaning. At the grand jury, they didn't need to define it. Why do they need to define it now? The couple of the final points that I'd like to make is there are definitions that don't have genitalia. The Vineyard case, which the government cites, they keep wanting to talk about how Webster's Second New Riverside University Dictionary that was used by the 11th Circuit says the crease at the junction of the thigh and the trunk together with the adjacent region. That doesn't include genitalia. There's many definitions that don't include genitalia. They wanted genitalia in there, so they chose that specific definition. Now, the government also says, hey, you don't complain about thigh. I'm an appellate counsel. I am limited to the arguments that were made below. So we are conceding that these are means. Elements v. Means is a very complicated inquiry under Mathis. You want to look for whether there are unanimity cases. You want to look for whether there are differences in punishment. That's not applicable here. You want to look at how offenses are charged under the indictment. If this Court thinks that the Elements v. Means inquiry is relevant for the constructive amendment law, I would like the opportunity to provide supplemental briefing about whether these are elements or means. I don't think that constructive amendment law turns on that. I think that if you have means and the government charges a particular means and charges particulars, it must comport with those particulars, whether they are elements or means. And I think that Bailey supports that proposition. But if the Court thinks that Elements v. Means is important to this inquiry, then I would like the opportunity to submit supplemental briefing on a tremendously complicated legal topic that I simply cannot answer off the top of my head when examining this statute, unless there are further questions.